2011R00414
ESW/dc

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　*Plaintiff,*<br>　v.<br><br>DAVID NEWMARK<br><br>　　　　*Defendant.* | Honorable William H. Walls, U.S.D.J.<br><br>Criminal No. 12-36 (WHW)<br><br>CONSENT JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE |

**WHEREAS**, on January 18, 2012, the United States filed an Information charging David Newmark (hereinafter "Defendant") with wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, and tax evasion, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2; and

**WHEREAS**, on January 18, 2012, David Newmark pled guilty to the Information; and

**WHEREAS**, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of an offense in violation of 18 U.S.C. § 1343 shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense; and

**WHEREAS**, by virtue of the above, the United States is now entitled to all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to a sum

of money equal to at least $10,442,379.90 in United States currency (the "forfeitable property"); and

**WHEREAS** the Defendant acknowledges that $10,442,379.90 in United States currency represents the amount of proceeds obtained as a result of his offense or is derived from proceeds traceable to the commission of his offense in violation of 18 U.S.C. § 1343 as set forth in the Information, and that $10,442,379.90 in United States currency is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

**WHEREAS** the Defendant agrees to forfeit $10,442,379.90 in United States currency in the form of a money judgment; and

**WHEREAS**, the Defendant agrees to the forfeiture of the following assets in partial satisfaction of the money judgement;

    i.    $525,165.65 surrendered by the Defendant to the Government on January 18, 2012;

    ii.    Approximately $456,666.39 held in escrow by the law firm of Greenberg Dauber Epstein and Tucker from the sale of the real property located at 432 Ocean Boulevard, number 304, Long Beach, New Jersey;

    iii.    Approximately $631,590.95 held by the law firm of Sills, Cummis and Gross, P.C., for the benefit of the defendant; (collectively the "Property"); and

**WHEREAS** the Defendant remains responsible for the payment of the remaining balance of the money judgment until it is paid in full satisfaction; and

**WHEREAS** the Defendant:

(1) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of the Property;

(2) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the Defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment;

(3) Acknowledges that he understands that forfeiture of the Property will be part of the sentence imposed upon the Defendant in this case and waives any failure by the Court to advise the Defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(4) Will, pursuant to Rule 32.2(b)(3), promptly consent to the finalization of the order of forfeiture before sentencing if requested by the Government to do so;

(5) Waives, and agrees to hold the United States and its

agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above;

(6) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this consent judgment;

(7) Agrees to cooperate in resolving third-party claims in favor of the United States; and

**WHEREAS**, the United States has not, as of this date, identified additional assets that constitutes or is derived from proceeds traceable to the commission of the offense, nor has the United States yet identified any property of the Defendant that could be forfeited as a substitute asset for the remaining balance of the money judgment in accordance with 21 U.S.C. § 853(p);

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

**THAT**, the Property, namely

i. $525,165.65 surrendered by the Defendant to the Government on January 18, 2012;

ii. Approximately $456,666.39 held in escrow by the law firm of Greenberg Dauber Epstein and Tucker from the sale of the real property located at 432 Ocean Boulevard, number 304, Long Beach, New Jersey;

iii. Approximately $631,590.95 held by the law firm of Sills, Cummis and Gross, P.C., for the benefit of the defendant;

is hereby forfeited to the United States of America pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), for disposition in accordance with the provisions of 21 U.S.C. § 853; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order as it relates to the Property and of its intent to dispose of the Property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(2), any person, other than the Defendant, asserting a legal interest in the Property must file a petition with the Court within **thirty (30)** days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Property; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(3), the petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, and any additional facts supporting the petitioner's claim and the relief sought; and

**THAT**, the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified; and

**THAT** the Property is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of said Property by the United States; and

**THAT**, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant up to the value of the outstanding money judgment; and

**THAT**, upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture for the Property pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed; and

**THAT** the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order as it pertains to the money judgment; and

**THAT**, pursuant to Rule 32.2(b)(4)(A), this Order of Forfeiture shall become final as to the Defendant at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment; and

**THAT**, the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to include substitute property to satisfy the outstanding money judgment in whole or in part.

**ORDERED** this _____ day of _____, 2012.

_____
Honorable William H. Walls
United States District Judge

The Undersigned hereby
consent to the entry and
form of this order:

PAUL J. FISHMAN
United States Attorney

*T. Waitz for*
_____          Dated: 5/11/12
By: CHARLTON A. RUGG
Assistant United States Attorney


_____          Dated: 4/25/12
MICHAEL B. HIMMEL, ESQ.
Attorney for Defendant David Newmark


_____          Dated:
DAVID NEWMARK
Defendant

THAT, the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to include substitute property to satisfy the outstanding money judgment in whole or in part.

ORDERED this __16__ day of __May__, 2012.

_____
Honorable William H. Walls
United States District Judge

The Undersigned hereby
consent to the entry and
form of this order:

PAUL J. FISHMAN
United States Attorney

_____      Dated:
By: CHARLTON A. RUGG
Assistant United States Attorney


_____      Dated:
MICHAEL B. HIMMEL, ESQ.
Attorney for Defendant David Newmark


_____      Dated: 4/19/12
DAVID NEWMARK
Defendant

-7-