2011R00414
ESW/dc

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br>v.<br><br>DAVID NEWMARK<br><br>*Defendant.* | Honorable William H. Walls, U.S.D.J.<br><br>Criminal No. 12-36 (WHW)<br><br>FIRST FINAL ORDER OF FORFEITURE |

**WHEREAS** on January 18, 2012, the United States filed an Information, Criminal No. 12-36, against David Newmark (hereinafter "Newmark"), charging him with wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, and tax evasion, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2; and

**WHEREAS** on January 18, 2012, the United States entered into a Plea Agreement with Newmark in which he pled guilty to wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, and tax evasion, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2; and

**WHEREAS** on May 18, 2012, Newmark entered into a Consent Order of Forfeiture with the United States acknowledging that $10,442,379.90 represents the amount of proceeds obtained as a result of his offense or is derived from proceeds traceable to the commission of his offense in violation of 18 U.S.C. § 1343 as set forth in the Information, and that $10,442,379.90 in

United States currency is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

**WHEREAS** Newmark agreed to forfeit $10,442,379.90 in United States currency in the form of a money judgment, and further agreed to the forfeiture of the following assets in partial satisfaction of the money judgment:

    i.    $525,165.65 surrendered by the Defendant to the Government on January 18, 2012;

    ii.    Approximately $456,666.39 held in escrow by the law firm of Greenberg Dauber Epstein and Tucker from the sale of the real property located at 432 Ocean Boulevard, number 304, Long Beach, New Jersey;

    iii.    Approximately $631,590.95 held by the law firm of Sills, Cummis and Gross, P.C., for the benefit of the defendant;

(collectively the "Property"), and waived all interests in and claims to the Property; and

**WHEREAS** on or about June 6, 2012, $506,666.39 that was held in escrow by the law firm of Greenberg Dauber Epstein and Tucker from the sale of the real property located at 432 Ocean Boulevard, number 304, Long Beach, New Jersey, was turned over to the United States by check no. 006218, payable to the United States Marshals Service, as representing the total proceeds from the sale of the real property; and

**WHEREAS** on or about May 23, 2012, $631,590.95 that was held by the law firm of Sills, Cummis and Gross, P.C., for the benefit of the defendant, were turned over to the United States by check no. 008973, payable to the United States Marshals Service; and

**WHEREAS**, pursuant to 21 U.S.C. § 853(n)(1) as incorporated through 28 U.S.C. § 2461(c), a Notice of Forfeiture with respect to the Property was posted on an official government internet site, namely www.forfeiture.gov, beginning on June 7, 2012, and running for thirty consecutive days through July 6, 2012 (*See* Declaration of Desiree L. Chirco of Publication at Exhibit A); and

**WHEREAS**, David Newmark's wife, Rachel Newmark, has claimed an interest in the $506,666.39 that was held in escrow by the law firm of Greenberg Dauber Epstein and Tucker from the sale of the real property located at 432 Ocean Boulevard, number 304, Long Beach, New Jersey; and

**WHEREAS** the United States has agreed to return $23,000 of the $506,666.39 to resolve Rachel Newmark's claim, less any debt owed to the United States, any agency of the United States, or any other debt in which the United States is authorized to collect; and

**WHEREAS**, pursuant to the above agreement, the United States Marshals Service shall return $23,000 of the $506,666.39 to Rachel Newmark, in full and final satisfaction of any and all claims she may have to the

$506,666.39 that was held in escrow by the law firm of Greenberg Dauber Epstein and Tucker from the sale of the real property located at 432 Ocean Boulevard, number 304, Long Beach, New Jersey; and

**WHEREAS**, no other claims have been filed on the Property within the time permitted; and

It is hereby **ORDERED ADJUDGED AND DECREED**:

**THAT** a Final Order of Forfeiture is entered against the following property:

i. $525,165.65 surrendered by the Defendant to the Government on January 18, 2012;

ii. $483,666.39, representing the remaining amount after the return of $23,000 to Rachel Newmark that was deducted from the $506,666.39 paid to the United States by the law firm of Greenberg Dauber Epstein and Tucker, check no. 006218, as proceeds from the sale of the real property located at 432 Ocean Boulevard, number 304, Long Beach, New Jersey;

iii. $631,590.95 that was paid to the United States by the law firm of Sills, Cummis and Gross, P.C. by check no. 008973; and

**THAT** upon the entry of this Order, $23,000 shall be returned to Rachel Newmark, c/o her counsel Edward J. Dauber, Esq., Greenberg Dauber Epstein & Tucker, One Gateway Center, Suite 600, Newark, New Jersey 07102, less

any debt owed to the United States, any agency of the United States, or any other debt in which the United States is authorized to collect; and

**THAT** any and all forfeited funds, including but not limited to currency, currency equivalents, and certificates of deposits, as well as any income derived as a result of the United States Marshals Service's management of any property forfeited herein, after the payment of costs and expenses incurred in connection with the forfeiture and disposition of the forfeited property, shall be deposited forthwith by the United States Marshals Service into the Department of Justice Asset Forfeiture Fund, in accordance with the law; and

**IT IS FURTHER ORDERED** that the United States District Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e); and

**IT IS FURTHER ORDERED** that pursuant to Rule 32.2(b)(4)(A), this Order of Forfeiture shall become final as to Newmark at the time of sentencing, or before sentencing if Newmark consents, and shall be made part of the sentence and included in the judgment; and

**IT IS FURTHER ORDERED** that the United States may move at any time pursuant to Rule 32.2(e) and 21 U.S.C. § 853(p) to amend this Order of Forfeiture to include substitute property having a value not to exceed the value of the remaining balance resulting from the difference between the $10,442,379.90 money judgment and the value of the specified forfeited

property above to satisfy the remaining balance on the forfeiture money judgment.

The Clerk is hereby directed to send copies to all counsel of record.

**ORDERED** this 4 day of September, 2012.

Honorable William H. Walls
United States District Judge

The Undersigned hereby consent to the entry and form of this order:

PAUL J. FISHMAN
United States Attorney

By: EVAN S. WEITZ
Assistant United States Attorney

Dated: 8/29/12

EDWARD J. DAUBER, ESQ.
Greenberg Dauber Epstein & Tucker
Attorney for Rachel Newmark

Dated: 8/21/12

Rachel Newmark

Dated: Aug. 15, 2012

-6-