NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES, | : | |
| Plaintiff, | : | |
| | : | **ORDER** |
| v. | : | |
| | : | |
| David Newmark, | : | Cr. No. 12-cr-00036 (WHW) |
| Defendant. | : | |
| | : | |

**Walls, Senior District Judge**

On June 13, 2012, after pleading guilty to wire fraud and tax evasion, Defendant David Newmark was sentenced by this Court to 54 months' imprisonment and three years of supervised release. ECF No. 14. Defendant is currently serving his sentence at a halfway house in Newark, New Jersey. On August 31, 2015, Defendant sent a letter requesting that the Court modify its judgment to allow him to serve the remainder of his sentence on home confinement, rather than in the halfway house. ECF No. 41. The Court granted Defendant's request to modify his sentence on November 23, 2015. ECF No. 42. The Court now vacates its order.

Congress has authorized district courts to modify a previously imposed sentence under three discrete situations:

(1) Upon motion of the Director of the Bureau of Prisons, after the court considers the factors set forth in 18 U.S.C. § 3553(a), if the court finds (a) "extraordinary and compelling reasons" warrant such a reduction; or (b) the defendant is at least 70 years of age, has served at least 30 years in prison under a sentence imposed under 18 U.S.C. § 3559(c), and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community under 18 U.S.C. § 3142(g);

(2) Where reduction is expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

1

NOT FOR PUBLICATION

(3) Where a defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o).

18 U.S.C. § 3582(c). *See also United States v. Watson*, No. 05-208, 2011 U.S. Dist. LEXIS 93112, at *6 (E.D. Pa. Aug. 19, 2011) ("In 18 U.S.C. § 3582(c), Congress provided that a court may not modify a term of imprisonment once it has been imposed except in three limited circumstances set forth in the statute"). Federal Rule of Criminal Procedure 35, in turn, permits a district court (a) to reduce a sentence within 14 days of the judgment if it resulted from "clear error" and (b) to reduce a sentence, at the request of the Government, if the defendant has provided "substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35.

    The Court finds that none of the three scenarios is applicable here: the request for modification was lodged by the Defendant, not the Director of the Bureau of Prisons; there is no statute expressly permitting resentencing; more than 14 days have passed since Defendant was sentenced, and the Court did not make a "clear error;" the Government did not move for a "substantial assistance" reduction; and the Sentencing Commission has not lowered the sentencing range under which Defendant was sentenced. It follows that the Court had no statutory authority to modify Defendant's sentence. The Court's order modifying the sentence, ECF No. 42, is hereby vacated.

DATE: 15 December 2015

William H. Walls
Senior United States District Court Judge